UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:15-cr-242-T-24TBM

vs.

THEORIDOTES COLLINS

_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Reconsider the Denial of Motion to Suppress. Dkt. 48. Defendant, who has been charged with being a felon in possession of a firearm, moved to suppress a rifle, ammunition, drugs, and other contraband found in his home during an unannounced compliance search by the office of probation on June 11, 2015. The Court held an evidentiary hearing on the motion on December 11, 2015. Dkt. 42. At the conclusion of the testimony and evidence, the Court made factual findings, which were largely uncontested by the parties, and denied the motion to suppress. The Court entered a written order on December 14, 2015. Dkt. 46.

Defendant asks the Court to reconsider its ruling based on new evidence—a police report that defense counsel did not receive until December 15, 2015, after the hearing and after the Court's written order. The police report related to an incident that occurred on May 4, 2015 in which three black males were involved in a battery and a shooting. Defendant argues that the incident report proves that Defendant was not one of the black males involved in the criminal activity on May 4, 2015. Defendant argues that the information about him being involved in the shooting formed the only basis for the state probation officer going to Defendant's residence to

conduct the compliance search. Therefore, according to Defendant, the Court should reconsider its denial of Defendant's motion to suppress.

The Court agrees that the police report is new evidence not turned over to defense counsel until after the hearing and order on the motion to suppress. However, the Court disagrees with Defendant as to what the police report proves or that it is new evidence that causes the Court to reconsider its order denying Defendant's motion to suppress.

The Court previously found the following:

1. On June 9, 2015 ATF Agent Balos contacted Officer Paul and informed her that Defendant was associating with persons suspected in a recent shooting.
2. On June 11, at approximately 11:00 a.m., Officer Paul and three other probation officers went to Defendant's residence to conduct a compliance search. They were accompanied by officers from the Sarasota Police Department and ATF Agent Balos who were to act as back-up in case of a problem.
3. An unknown male answered the door and stated Defendant did not stay there. Amber Teed came to the door and said Defendant lived there but was not there. Officer Duff smelled the odor of marijuana coming from inside the residence.
4. Defendant ran out the back door and was apprehended approximately two blocks away. He was then handcuffed and returned to the residence.
5. Officer Paul and Duff along with two other probation officers entered the residence and conducted a search. They found a firearm and ammunition in Defendant's bedroom under a mattress cover.

Contrary to Defendant's assertion, Probation Officer Paul testified that Agent Balos told her Defendant was associating with persons involved in a recent shooting, not that he was a suspect

in the recent shooting. Officer Paul testified this was a violation of the terms and conditions of Defendant's probation. It was this information along with the other information Officer Paul knew about the Defendant's background that caused her to initiate the compliance search. Once at Defendant's residence, (1) another officer smelled the odor of marijuana coming from inside the residence, (2) Officer Paul was told that Defendant was not at the residence, and (3) then Defendant fled out of the back of the house. It was the totality of the circumstances that gave Officer Paul reasonable suspicion that Defendant was violating the terms and conditions of his probation.

There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). The Court notes that reconsideration of a previous order is an extraordinary remedy to be employed sparingly. See id. (citations omitted). Defendant argues that his motion is based on newly discovered evidence. While the Court will accept for purposes of his motion that the police report of the May 4, 2015 incident was newly discovered in that it was not turned over to defense counsel until after the motion to suppress hearing, it does not cause the Court to reconsider its previous order denying the motion to suppress.
Accordingly the motion to reconsider is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 22nd day of January, 2016

SUSAN C. BUCKLEW
United States District Judge